IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**NEIL F. LETREN**, *pro se*          *
                                      *
    Plaintiff                        *
                                      *
v.                                    *     Civil No. **16-3780**
                                      *
**PNC BANK, N.A.**                    *
                                      *
    Defendant                        *
                                      *

**MEMORANDUM OPINION**

*Pro se* Plaintiff Neil F. Letren has filed a lawsuit against PNC Bank, N.A. ("PNC") alleging that it violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq,* in connection with two mortgage loans he took out in 2007. Letren avers that PNC conducted an inadequate investigation as to whether it owned the mortgage loans in response to a dispute Letren submitted to an unspecified credit reporting agency ("CRAs).

PNC has filed a Motion for Judgment on the Pleadings, ECF No. 15, which, for the reasons that follow, the Court **GRANTS**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

National City Mortgage Company (NCMC) issued two mortgage loans to Letren in July 2007. ECF No. 13 ¶ 4. Defendant PNC acquired NCMC in November 2009. *Id.* at ¶5. According to Letren, at some point prior to its acquisition, NCMC sold his mortgages to a third party. *Id.* at ¶6.

Notwithstanding this, at some point, PNC began reporting that it held both of his mortgage loans to credit reporting agencies. *Id.* ¶ 14. Letren sent three letters to the CRAs disputing that PNC owned the loans, the latest of which was sent in "August 2014." *Id. ¶ 16.* In

1

response to the CRAs' investigations, PNC verified that it held the mortgages despite the fact that it did not possess any supporting documentation. *Id.* ¶ 19. As a result, Letren's credit reports continued to inaccurately report that PNC was the owner of his mortgages, causing him to suffer actual damages. *Id.* ¶ 20.

Letren filed suit against PNC in the Circuit Court for Prince George's County on August 29, 2016. ECF No. 1. PNC removed the action to this Court on November 22, 2016, *id.,* and filed a Motion to Dismiss on December 13, 2016. ECF No. 11.

Letren filed an Amended Complaint on January 4, 2017, ECF No. 13, alleging that PNC violated the FCRA when it "did not conduct a thorough, detailed, and careful inquiry of [his] claims," ECF No. 13 ¶ 22, including verifying that it was the owner of Letren's mortgages. Instead it simply verified that the information on the credit report was consistent with the information in its computer system and reported back to the CRAs that the account was properly listed. ECF No. 13 ¶ 22. PNC did not report to the CRAs that Letren had previously disputed the account directly to PNC. *Id.* ¶¶ 26—27. These actions, Letren says, are evidence that PNC willfully violated the FCRA, or was at least negligent. *Id.* ¶¶ 28—31.

PNC filed a Motion for Judgment on the Pleadings on February 10, 2017, arguing that the two year statute of limitations had run with respect to Letren's claim. ECF No. 15. Letren Responded, ECF No. 16, and PNC Replied. ECF No. 17.

## **ANALYSIS**

Judgment on the pleadings is appropriate where "all material allegations of fact are admitted in the pleadings and only questions of law remain." *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989)(quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1367, at 685 (1969)). In considering such a motion, the Court should "accept[] all

well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in the plaintiff's favor." *Drager v. PLIVA USA, Inc.,* 741 F.3d 470, 474 (4th Cir. 2014)(quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999)). The Court should not dismiss "a *pro se* litigant's complaint . . . unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Siple v. First Franklin Fin. Corp.*, No. CIV.A. RDB-14-2841, 2015 WL 2374414, at *2 (D. Md. May 15, 2015), *reconsideration denied*, No. CV RDB-14-2841, 2015 WL 6163791 (D. Md. Oct. 19, 2015), *aff'd*, 653 F. App'x 786 (4th Cir. 2016), and *aff'd*, 653 F. App'x 786 (4th Cir. 2016).

The FCRA provides that "[i]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer . . . the [CRA] shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i (a)(1)(A). As part of these disputes, CRAs typically ask for verification from the furnisher of the information – in this case, PNC. The statute of limitations for bringing an action under the FCRA is "[two] years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(1).

Letren filed this lawsuit on August 29, 2016, ECF No. 2, which means that limitations have run with respect to any claims that accrued before August 29, 2014.

In his Amended Complaint, Letren avers that he discovered that PNC erroneously reported that it owned his mortgages and disputed that in a "letter dated August 2014" to the CRAs. ECF No. 13 ¶16. He alleges that he did not receive the results of the investigation until

"September 2014," which is when he discovered that PNC's investigation was deficient, and that "[u]pon information and belief, [the] PNC investigation was conducted after August 29, 2014." *Id.* In his Response to PNC's Motion, Letren elaborated on his interactions with PNC, asserting that the August 2014 letter was actually the third time he had disputed the PNC mortgage account on his credit report – he had previously sent the CRAs letters in September 2013 and February 2014. ECF No. 16 at 2.

Even construing the facts in the manner most favorable to Letren, as the Court is required to do at this stage, the Court finds that limitations on Letren's claim began to run when he received the results of his first dispute in 2013. Letren's only basis for alleging that PNC's procedures were deficient was that following the investigation precipitated by his August 2014 letter, the CRAs did not remove the mortgage accounts from his credit report. That is presumably because PNC – erroneously, according to him – confirmed that it owned the mortgages. Based on the representations in Letren's Amended Complaint and Response, the results of the earlier investigations were identical and did not result in the removal of the PNC accounts from his credit report, presumably putting Letren on notice in the same way that PNC's investigation procedures were deficient.

No other facts averred in the Amended Complaint save Letren's claim. He does not allege that he failed to receive the results of the earlier investigations or indicate that in the ensuing year PNC somehow changed its procedures to violate the FCRA. Indeed, in his Response to PNC's Motion, he asks the Court to allow him to obtain records related to the investigations in all three disputes, which suggests that he believes that the procedures were the same each time. ECF No. 16 at 2.

Letren cannot toll limitations by repeatedly submitting disputes to the CRAs. Limitations on any potential claim he may have had ran in September 2015 or shortly thereafter. The Court **GRANTS** PNC'S Motion for Judgment on the Pleadings.

## I. CONCLUSION

For the foregoing reasons:

Defendant PNC's Motion for Judgment on the Pleadings is **GRANTED**;

Final Judgment is **ENTERED** in favor of PNC and against Martin;

A separate order with **ISSUE.**

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 1 , 2017**